**Morris Dean CAMPBELL,**
**Plaintiff–Appellee,**

v.

**Marcia Elizabeth Brown CAMPBELL,**
**Defendant–Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Dec. 11, 1991.

Permission to Appeal Denied by
Supreme Court March 23, 1992.

H. Douglas Nichol, Harold E. Bishop,
Gillenwater, Nichol & Ames, Knoxville, for
plaintiff/appellant.

Sarah Y. Sheppeard, Knoxville, for re-
spondent/appellee.

## OPINION

FRANKS, Judge.

Plaintiff's action to modify an award of
rehabilitative alimony to require further
payment of alimony was dismissed by the
Trial Judge principally on the basis the
award of rehabilitative alimony was a final
Judgment, not subject to modification. We
reluctantly affirm.

At the time of the divorce, the Trial
Judge observed:

"Taking into account the entire record of
the testimony presented, the statutory
factors to be considered, the stated legis-
lative intent that whenever appropriate
such award 'shall be rehabilitative and
temporary', the Court is of the opinion
that such an award is here appropriate
... the Court is of the opinion and finds
that the wife is additionally entitled to
the following:

... Rehabilitative periodic alimony in
the sum of $1,250.00 per month, begin-
ning as of the date of the finality of
the judgment herein, and to continue
for a period of 36 months, the remar-
riage or death of the wife, whichever
should first occur."

At the trial on the issue of modification,
the Trial Court, expressing concern about
his inability to modify the award, said:

"T.C.A. § 36–5–101, as here applicable,
provides as follows:

...(a)(1) Whether the marriage is dis-
solved absolutely, or a perpetual or
temporary separation is decreed, the
court may make an order and decree
for the suitable support and mainte-
nance of either spouse by the other
spouse, or out of his or her property,
and of the children, or any of them by
either spouse or out of such spouse's
property, according to the nature of
the case and the circumstances of the
parties, the order or decree to remain
in the court's control; and, on applica-
tion of either party, the court may
decree an increase or decrease of such
allowance upon upon a showing of a
substantial and material change of cir-
cumstances.

...(d) It is the intent of the general
assembly that a spouse who is econom-
ically disadvantaged relative to the
other spouse be rehabilitated whenever
possible by the granting of an order
for payment of rehabilitative, tempo-
rary support and maintenance. Where

there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3).

Notwithstanding the provision of (a)(1), our Courts have held that alimony in solido, constituting a lump sum, although payable over a stated period of time, is not subject to later modification. On the other hand, periodic alimony for an indefinite time is subject to later modification upon a showing of substantial and material change of circumstances.

In 1984 the Legislature enacted an amendment to the alimony and support statutes, which is codified as subsection (d), to T.C.A. § 36–5–101, supra. This amendment for the first time provided for an award of rehabilitative alimony. This concept was designed as a means of providing temporary support and maintenance to an economically disadvantaged spouse in order to equalize the situation of the parties. No specific provision is made therein for a subsequent modification. Since its enactment there has been very little appellate case law interpreting its provisions, and no known guidelines have been established.

It must be recognized that by enactment of this specific provision, the legislature established a separate class of spousal support as distinguished from alimony in solido and/or periodic alimony."

The Court then concluded:

"In the absence of definitive case law governing this issue, and given the circumstances here presented, the Court feels constrained to find that the award originally made became the final judgment as to alimony and is not now subject to modification."

Since the Trial Court's determination, the Supreme Court has spoken on the issue in the case of *Isbell v. Isbell,* 816 S.W.2d 735 (Tenn.1991.) In that case, the Supreme Court said:

"But where the rehabilitative award has been made for a fixed amount, the award must be considered non-modifiable, even if it is to be paid in installments and not in a lump sum. The certainty that results from such a rule benefits both parties, allowing each to make long-range financial plans for their own futures and for the future of any children affected by the break-up of the marriage. Unnecessary disruption of financial plans and expectations does not serve the policy fostered by the legislature in its efforts to provide rehabilitation for economically disadvantaged family members faced with marital dissolution. The rule we have recognized today will foster that legislative policy of rehabilitation."

In this case, the award of rehabilitative alimony has failed in its stated purpose. The legislature intended that such awards would rehabilitate the economically disadvantaged spouse, relative to the income of the economically advantaged spouse. In this case, plaintiff was suffering from Lupus at the time of the divorce. She testified that she had been unable to gain employment or improve her skills, due to her deteriorating physical condition. The evidence, including expert opinions, preponderates that she is unable to obtain and maintain employment.[1] Yet the Rule announced in *Isbell* precludes a trial court from reopening an award of rehabilitative alimony unless the court has expressly retained the right to modify the award.

---

1. Plaintiff's physician explained:

"Q. Doctor, do you have an opinion, within a reasonable degree of medical certainty, as to whether or not Mrs. Campbell could work at a normal job at set hours, or forty hours a week, in her condition of lupus?
A. I don't believe that she could do that.
Q. Why is that?

A. Her endurance would not allow her many days to function at all and other days for perhaps only a few hours. Repetitive activity induces muscle pain and fatigue. She cannot sit for long periods of time because of pain. Basically, she, I don't feel, could expect a predictable amount of time that she could work on any given day."

The legislature should amend the statute by providing that a decree of rehabilitative alimony shall remain in the court's control for the duration of the award, and may be increased, decreased, or otherwise modified upon a showing of a substantial and material change in circumstances. This case demonstrates the need, since the award of rehabilitative alimony has failed to accomplish its essential purpose.

We are accordingly constrained to affirm the judgment of the Trial Court and remand at appellant's cost.

SANDERS, P.J., and McMURRAY, J., concur.